**David A. PICKLER, Chairman, et al.**

v.

**Elizabeth Dean PARR a/k/a Bessie Dean Parr, et al.**

Court of Appeals of Tennessee, at Jackson.

Sept. 16, 2003 Session.

Oct. 28, 2003.

Application for Permission to Appeal Denied by Supreme Court March 8, 2004.

Paul G. Summers, Attorney General and Reporter and Stephanie R. Laffon, Assistant Attorney General, for the Appellee, State of Tennessee.

Henry L. Klein, Memphis, Tennessee, for the appellees, David A. Pickler, Chairman, Anne J. Edmiston, Vice Chairman, Joseph A. Clayton, Virginia R. Harvell, Karen Hill, Ron W. Lollar, and Wyatt Bunker, as Members of the Shelby County Board of Education and their Successors in Office.

DeWitt M. Shy, Jr., Memphis, Tennessee and Richard D. Crotteau and James R. Buckner, Chattanooga, Tennessee for the

appellants, Elizabeth Stratton Parr, William Hampton Parr and William D. Parr, Jr.

William M. Walsh, Memphis, Tennessee, for the appellant, Elizabeth B. Parr.

James S. Strickland, Jr., Memphis, Tennessee, for the appellant, Louise Electra Hampton Parr Daniel.

## OPINION

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This case involves an interlocutory appeal from the trial court's denial of Respondent's motion to dismiss Petitioner's petition for condemnation. We affirm.

On October 5, 2000, Appellee, David Pickler, acting on behalf of the Shelby County Board of Education (Board) petitioned the trial court to condemn a twenty-acre tract of unimproved real property for the construction of an elementary school. With its petition, the Board also filed an appraisal completed by a board of appraisers and posted a bond representing double the amount of the appraised value. The requested tract is part of a one hundred and twenty-acre parcel that is located in Collierville, Tennessee and owned by the appellants. The owners denied the Board's right to take the property and moved to dismiss the petition for condemnation.

On August 19, 2002, the trial court conducted an evidentiary hearing on the Board's request for a writ of possession and the owners' motion to dismiss. The Board's Assistant Superintendent, Richard Holden (Mr. Holden) testified at the hearing that construction had not commenced on the school. In addition, he stated that there were no construction contracts nor any foundational plans prepared for the school. Mr. Holden also explained that another street would have to be built before the proposed site could handle the traffic circulation that the school would require.

On September 4, 2002, the trial court entered an order denying the owners' motion to dismiss and granting the Board's taking of the requested land effective August 19, 2002. The trial court found that the taking was for a public purpose, namely the construction of a school. The necessity of the school was not for the court's resolution absent the Board's clear and palpable abuse of power or fraudulent, arbitrary or capricious action. The court found no such action in this case. The court also directed the Board to complete a second appraisal and post any additional bond pursuant to the requirements of the applicable eminent domain statute, Tenn. Code Ann. § 49-6-2001 (2002). On February 4, 2003, the Board posted the appropriate bond and notice of filing of reappraisal pursuant to Tenn.Code Ann. § 49-6-2001(d)(1). Subsequently, this Court and the trial court granted the owners' motion to appeal by permission pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

### Issues Presented

The owners raise the following issues, as we restate them, for review by this Court:

1. Whether the trial court erred in ruling that Tenn.Code Ann. § 49-6-2001 allows the Board to take the owners' property effective August 19, 2002.

2. Whether the trial court erred in granting a taking by the Board of the owners' property effective August 19, 2002, when the Board had not complied as of that date with the appraisal and bond requirements of Tenn.Code Ann. § 49-6-2001.

## Standard of Review

We perceive the issues to be whether the trial court erred in finding that the Board did not act in an arbitrary and capricious manner. This is a question of law. *Metro. Gov't of Nashville and Davidson County v. Huntington Park Assoc.,* No. 88–144–II, 1988 WL 112912, at *1 (Tenn.Ct.App. Oct.26, 1988), *perm. app. denied* (Tenn. Feb. 27, 1989) (citing *Tenn. Cent. R. Co. v. Campbell,* 109 Tenn. 655, 73 S.W. 112 (1903)). Our review of a trial court's conclusions on issues of law is *de novo,* with no presumption of correctness. *Kendrick v. Shoemake,* 90 S.W.3d 566, 569 (Tenn.2002).

## Use and Necessity of Taking

In deciding whether the trial court erred in granting the taking of the owners' land, the Court will journey through the well-traveled analysis of the government's right to take. It first must determine whether the Board has the right to take. *City of Knoxville v. Heth,* 186 Tenn. 321, 210 S.W.2d 326, 328 (1948). In this case, that right is found in Tenn.Code Ann. § 49–6–2001 (2002) which governs eminent domain for city and county boards of education regarding land to be used for public school purposes. It provides in pertinent part:

> (a) County and city boards of education are empowered to exercise the right of eminent domain and to take and use the property of individuals or private corporations for public school purposes as provided in this section.[1]

Tenn.Code Ann. § 49–6–2001(a)(2002).

■ Having found the Board's right, the next question for the court to decide is whether the use of the taking is public or private. *Heth,* 210 S.W.2d at 328. The

taking of the land for the construction of a public school is a public use. *Ragland v. Davidson County Bd. of Educ.,* 203 Tenn. 317, 312 S.W.2d 855, 856 (1958).

■ Having determined that the proposed taking of the owners' land for a school is a public use, the next issue is whether the taking is a necessity. *Heth,* 210 S.W.2d at 331. It is the well settled rule that " '[t]he determination by a condemning authority of the necessity for the taking is not a question for resolution by the judiciary and, absent a clear and palpable abuse of power, or fraudulent, arbitrary or capricious action, it is conclusive upon the courts.' " *City of Maryville v. Edmondson,* 931 S.W.2d 932, 935 (Tenn. Ct.App.1996) (quoting *Duck River Elec. Membership Corp. v. City of Manchester,* 529 S.W.2d 202, 204 (Tenn.1975)); *see also Heth,* 210 S.W.2d at 331.

■ The owners argue that the trial court erred in ruling that the Board had not engaged in any fraudulent, arbitrary, or capricious action in its proposed taking of the owners' land. Their argument is premised on the contention that the Board committed arbitrary and capricious action by attempting to condemn the land with no present plan to begin construction of the proposed school. They refer this Court to the testimony of Mr. Holden as an admission of the Board's intent to sit on the land for the purpose of land speculation. They specifically cite to the testimony in which he states that no construction had begun on the school, no contracts had been formed, no architectural drawings prepared, and that a new road would have to be built to accommodate the school traffic. As stated before, we will review the trial court's ruling as a question of law, which is

---

1. The remaining portion of § 49–6–2001 discusses the appraisal, bond, and documentation of title requirements contained in the statute. *See* Tenn.Code Ann. § 49–6–2001. The appraisal and bond requirements will be discussed *infra.*

reviewed *de novo* with no presumption of correctness.

While determining whether private property is being taken for a public use is a judicial question, "all other incidents of the taking are political questions, for the determination of the sovereign, and not judicial questions." *S. Ry. Co. v. City of Memphis*, 126 Tenn. 267, 148 S.W. 662, 665 (1912). For instance, determining the property's suitableness for its proposed use is a political question. *Id.* The court will only intervene when the condemning authority's conduct rises to the level of fraudulent, arbitrary, or capricious action, or has committed a palpable abuse of power. The record in this case does not give rise to the alleged land speculation nor any other action warranting judicial intervention. The Board was authorized to exercise its eminent domain right as provided in Tenn.Code Ann. § 49–6–2001(a). In exercising that right, Mr. Holden testified that the Board contacted an architectural firm about using a previously unused design for the requested site in an attempt to save money. However, Mr. Holden testified that counsel advised the Board to cease the school construction until the present litigation concerning the Board's right to take was resolved. The inaction from which the owners complain is the result of the Board's conscious effort to prevent potential government waste. Accordingly, we have determined that the owners have failed to sustain their burden of proving that the Board engaged in a clear and palpable abuse of power nor acted arbitrarily or capriciously. We affirm the trial court's denial of the owners' motion to dismiss the Board's condemnation petition.

### Date of Taking

The owners next argue that it was error for the trial court to grant the taking effective August 19, 2002, when the Board had not complied as of that date with the bond and appraisal requirements of Tenn. Code Ann. § 49–6–2001. The owners base their argument on the language of the statute which provides in pertinent part:

> (b) The county executive or mayor of the city shall appoint ... a board of appraisers, and whose duty it shall be to determine the cash value of the land....
>
> ....
>
> (d)(1) In case the owner or the board of education fails to concur in the findings of the board of appraisers, and appeal as they may to the circuit court where the cause will be tried de novo, the board of education, *upon deposit with the county trustee, of good and solvent bond to indemnify the owner, in double the amount of the value fixed for the land in question by the board of appraisers,* may proceed with the construction of the schoolhouse or other necessary building.

Tenn.Code Ann. § 49–6–2001(b)—(d)(1)(2002)(emphasis added).

These provisions of the statute require that a board of appraisers be appointed and determine the cash value of requested land when a city or county board of education exercises the right of eminent domain. *Id.* § 49–6–2001(b). These provisions also require that a bond be posted by the board of education *only* when the owner or board of education fails to concur in the appraisal. *Id.* § 49–6–2001(d)(1).

In this case, a valuation prepared by the board of appraisers chosen by the Board was filed along with the Board's petition for condemnation on October 5, 2000. Also, the Board filed with the petition its tender of a bond in double the amount of the prepared valuation, and, at that time, there had been no objection to the appraised value. On August 19, 2002, the

trial court conducted an evidentiary hearing for the owners' motion to dismiss the Board's petition and the Board's writ of possession. On September 4, 2002, the trial court entered its order denying the owners' motion to dismiss the Board's petition and granting the taking effective August 19, 2002. In its order, the trial court also required the Board to revalue the property and post an additional bond double the amount of the second valuation. On October 21, 2002, the board of appraisers performed a second valuation. On November 15, 2002, the Board amended the bond with a rider, effective August 19, 2002, representing double the amount of the second appraisal.

At the time of the taking, August 19, 2002, the Board had complied with all of the bond and appraisal requirements of § 49–6–2001. It was only after the order was entered by the trial court, that the Board was required to revalue the property and, if needed, post an additional bond. Accordingly, it was not error for the trial court to grant the taking effective August 19, 2002. Further, section 49–6–2001(d)(1) does not require that the date of taking occur only after bond is posted and appraisal performed as Ms. Parr asserts. *See* Tenn.Code Ann. § 49–6–2001(d)(1).

### Conclusion

In light of the foregoing, we affirm the trial court's denial of the owners' motion to dismiss the Board's petition for condemnation and grant of taking the subject property, effective August 19, 2002. Costs of this appeal are taxed to the Appellants, the owners, and their surety, for which execution may issue if necessary.